IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-10220-01-WEB |
| ) | |
| JEFFREY R. HEIDER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

After defendant Jeffrey Heider pled guilty to two counts of a Second Superseding Indictment, this court sentenced him to a controlling term of 180 months imprisonment. Judgment was entered on September 15, 2008. Doc. 33. Defendant filed a direct appeal, but the Tenth Circuit dismissed the appeal in an Order and Judgment dated February 3, 2009, finding defendant had waived his right to appeal as part of his plea agreement. Doc. 46.

The matter is now before the court on defendant's "Motion for Extension of Time to File 2255 Motion." Doc. 47. The motion states that defendant intends to file a §2255 motion for ineffective assistance of counsel, that his §2255 motion is due by February 3, 2010, and that he needs more time to prepare the motion because he has recently been transferred to the USP at Terre Haute and is awaiting the arrival of his property. For the reasons stated below, the motion will be denied.

Contrary to Mr. Heider's calculation, the one-year period to file a §2255 motion in his case did not begin to run when the Tenth Circuit entered its judgment. Defendant's conviction did not become final until expiration of the time for filing a petition for writ of certiorari with the

U.S. Supreme Court, which was 90 days after entry of the Tenth Circuit's judgment, or May 4, 2009. *See Clay v. United States*, 537 U.S. 522, 524 (2003). The one-year period for filing a §2255 motion in defendant's case thus will not expire until May 4, 2010. Defendant clearly has sufficient time remaining to prepare a §2255 motion.

At any rate, the courts have generally held that a request for extension of time is not ripe unless and until a defendant actually files a §2255 motion. *See Green v. United States*, 260 F.3d 78, (2nd Cir. 2001) (district court may grant extension of time only if the moving party requests extension upon or after filing §2255 motion); *United States v. Daniels*, 2006 WL 1892584 (10th Cir., July 11, 2006); *United States v. Espino*, 2008 WL 544387 (D. Kan., Feb. 22, 2008).

Although the court has some discretion to recharacterize a motion for extension of time as an actual §2255 motion, it would be inappropriate to do so here. *Cf. United States v. Bedolla*, 2008 WL 2949565 (D. Kan., July 30, 2008). The defendant's motion does not contain sufficient facts to support a claim for relief, it clearly was not intended as a §2255 motion, and the defendant has ample time to prepare a §2255 motion if he wishes to do so. Under the circumstances, the court must deny the requested extension of time.

*Conclusion*.

Defendant Jeffrey Heider's Motion for Extension of Time to File 2255 Motion (Doc. 47) is DENIED. IT IS SO ORDERED this 22nd Day of December, 2009, at Wichita, Ks.

s/Wesley E. Brown<br>
Wesley E. Brown<br>
U.S. Senior District Judge