IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. )   Case No. 07-10220-WEB
)            10-1099
JEFFREY R. HEIDER, )
)
        Defendant. )

MEMORANDUM AND ORDER

This case comes before the court on the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 49).

I. History of the case

Jeffrey Heider was indicted on two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1). He entered into a plea agreement with the Government in which he pleaded guilty to one count of felon in possession of a firearm and one count of witness tampering. The probation office completed a presentence report, and Heider filed a number of objections to the report. The court denied Heider's objections. Heider was sentenced to 120 months on the felon in possession charge, and 180 months on the witness tampering charge, to run concurrent. Heider filed a direct appeal, the Government filed a Motion to Enforce the Plea Agreement, and his counsel filed a response pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Heider then requested the Tenth Circuit dismiss the appeal waiver, arguing the enforcement of the appeal waiver would result in a miscarriage of justice. Heider argued on appeal that the Government withheld the ballistics report, which was used at sentencing to

1

enhance his sentence. The Tenth Circuit found no miscarriage of justice, and ruled the appeal waiver would be enforced. United States v. Heider, 2009 WL 240374 (Feb. 3, 2009). Heider then filed this motion.

II. Heider's Section 2255 Motion

Heider raises four claims of ineffective assistance of counsel. First, Heider argues his counsel was ineffective in the negotiation of the appeal waiver when his counsel told him he could appeal his sentence if the sentence was greater than 71 months. Second, counsel was ineffective in incorrectly estimating his guideline sentence between 52-71 months, when the court found his guideline sentence to be between 168-210 months. Third, counsel was ineffective when he failed to object at sentencing to reports submitted by the Government. Finally, counsel was ineffective at sentencing when he failed to object to the prosecution's breach of the plea agreement.

The Government has filed a response in which they request the court enforce the appeal waiver, and dismiss the motion. In the alternative, the Government argues that Heider's ineffective assistance of counsel claims do not show deficient performance or prejudice, and therefore the motion should be denied.

III. Discussion

The court considers three factors to determine whether to enforce a waiver of appeal and collateral attack rights: first, whether the defendant's action falls within the scope of the waiver of rights; second, whether the defendant knowingly and voluntarily waived his appellate and collateral attack rights; and third, whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004)(en banc).

a. Scope

Appellate waivers are strictly construed, and ambiguities are read against the Government and in favor of a defendant's appellate rights. Id. Heider signed a broad waiver of appellate rights. The plea agreement contained the following paragraph:

> **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with his prosecution, the defendant's conviction, and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to file and prosecute an appeal of a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence impose as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Heider waived his right to appeal or collaterally attack his sentence and conviction, unless the court departed upward or the Government filed an appeal. Neither of these exceptions apply in this case. Heider's arguments regarding his sentence and the reports used to enhance his sentence are within the scope of the plea agreement and are waived.

b. Knowing and Voluntary

The plea agreement and the Rule 11 colloquy show that the waiver was entered into knowing and voluntary. The plea agreement states that "defendant understands that the maximum sentence which may be imposed as to Count 2 of the Second Superseding Indictment

3

to which the defendant has agreed to plead guilty is not more than ten (10) years of imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 mandatory special assessment. The defendant understands that Count 3 of the Second Superseding Indictment to which the defendant has agreed to plead guilty carries a maximum sentence of not more than twenty (20) years of imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 mandatory special assessment." The plea agreement uses the language "the defendant understands" in numerous instances, including a discussion of the maximum sentence, the determination by the judge of the sentence, the information that can be provided to the court for sentencing determinations, and the payment of the special assessment. In the waiver paragraph, the language states, "the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter..." At the plea hearing, Heider stated that he graduated high school, he could read and write in English, and he had throughly gone over the plea agreement. The court asked, "You also understand that your plea agreement includes a waiver of the right to appeal or collaterally attack your conviction or sentence, have you talked to Mr. Bailey about this?" The defendant replied, "Yes." The court then asked, "Then you understand that that waiver means that except for the limited reasons stated in your plea agreement you are giving up any right to appeal your conviction or sentence that I impose?" The defendant replied, "Yes." The court asked, "You understand the waiver also means you may be giving up any right to file a collateral attack such as a Section 2255 or haveas motion at a later time?" Defendant replied, "Yes." Finally, the court asked Heider, "Are you offering your plea of guilty freely and voluntarily?" Heider replied, "Yes". Heider has not presented any evidence to dispute that the plea was not voluntary or knowing.

c. Miscarriage of Justice

To constitute a miscarriage of justice, enforcement of the appellate waiver must result in one of four exceptions. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004). The defendant must show that 1) the district court relied on an impermissible factor such as race, 2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, 3) the sentence exceeds the statutory maximum, or 4) where the waiver is otherwise unlawful.

The Tenth Circuit found that ineffective assistance of counsel claims cannot be waived in a plea agreement. United States v. Cockerham, 237 F.3d 1179, 1184 (10th Cir. 2001). The court in Cockerham ruled that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." Id. at 1187.

The court notes that since the Tenth Circuit's rulings on Hahn and Cockerham, criminal defendant have filed motions to vacate, cloaking their arguments disputing their sentence and their conviction in ineffective assistance of counsel claims. However, plea agreements between the Government and criminal defendants are contracts that this court will not disturb absent a finding that there was ineffective assistance of counsel in the negotiation of the waiver or the plea. Failure of defendants to allege, much less present evidence, of ineffective assistance of counsel in the plea waiver or plea negotiation, waives the arguments.

Heider has alleged four claims of ineffective assistance of counsel. The claim that counsel failed to object to the use of a ballistics report is not related to the plea waiver or the negotiation of the plea, but instead challenge counsel's performance at sentencing. This claim is

waived.

Heider claims the Government violated the plea agreement when the Government did not recommend the third point reduction for acceptance of responsibility. The Tenth Circuit has found that an appeal alleging breach of an agreement does not fall within the scope of the waiver. United States v. Guzman, 318 F.3d 1191, 1195 (10th Cir. 2003). To determine if the government has breached a plea agreement, the court should "examine the nature of the government's promise" and "evaluate this promise in light of the defendant's reasonable understanding of the promise at the time the guilty plea was entered." United States v. Werner, 317 F.3d 1168, 1170 (10th Cir. 2003). Principles of contract law govern plea agreements, and the court should construe any ambiguities against the government. United States v. Peterson, 225 F.3d 1167, 1171 (10th Cir. 2000).

In this case, the plea agreement contained the following language: "In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees: c. To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty."

The plea agreement also contains the following language: "**Sentence to be Determined by the Court.** The defendant understand that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any

6

promise or representation as to what sentence the defendant will receive." Also, at the change of plea hearing the judge asked the defendant, "And you understand that the sentence you will receive is solely within the matter of the control of the judge." The defendant replied, "Yes." The defendant also stated that he understood that "there is no limitation on the information the judge can consider at the time of sentencing," and the court will "consider a number of factors including the federal sentencing guidelines," and "the Court may take into account all relevant criminal conduct....that your background...may all be taken into account by the judge in determining the sentence your receive."

The Tenth Circuit has found that the sentencing court is the appropriate court to determine if the defendant has accepted responsibility to the extent necessary to qualify for the reduction. United States v. Amos, 984 F.2d 1067, 1073 (10th Cir. 1993). The Government does not violate the plea agreement as long as the Government performed the duties set out in the agreement, in this case, <u>recommending</u> the adjustment for acceptance of responsibility. See <u>United States v. Smith</u>, 140 F.3d 1325, 1327 (10th Cir. 1998). The presentence report did not provide for a reduction for acceptance of responsibility. Heider filed an objection, and the Government did not object to the acceptance of responsibility point reduction. In this case, the Government recommended the Defendant receive the adjustment, however, the court did not follow the recommendation. The Government did not breach the plea agreement.

The two remaining claims of ineffective assistance of counsel, that counsel was inaccurate in the estimate of the guideline range, and that counsel advised Heider that he would be able to appeal if the sentence was over 71 months, are related to the negotiation of the waiver or the validity of the plea.

To establish ineffective assistance of counsel, a defendant must show his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Judicial scrutiny of counsel's performance must be highly deferential......a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland at 689, citing Michel v. Louisiana, 350 U.S. 91, 76 S.Ct.158, 100 L.Ed. 83 (1955). The defendant must also show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland at 694.

As to the claim that counsel was deficient in the inaccurate estimate of the guideline range, Heider cannot show deficient performance. The Tenth Circuit has ruled that "miscalculation or erroneous sentence estimation by a defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." United States v. Gordon, 4 F.3d 1567, 1570-71 (10th Cir. 1993), *cert. denied*, 510 U.S. 1184, 115 S.Ct. 1236, 127 L.Ed.2d 579 (1994).

Heider also argues that his counsel advised him he could appeal if his sentence was more than 71 months. This argument is refuted by the record. The plea agreement and the plea colloquy reflect that Heider was fully informed regarding the maximum possible punishment, that the final determination of punishment was up to the judge, and that defendant was giving up his right to appeal except for the limited reasons stated in the plea agreement. Heider has not shown that his counsel failed to properly and fully advise him of the consequences of his plea, or

8

that he did not fully understand the terms of his plea. As discussed earlier, Heider knowingly and voluntarily entered into the plea agreement with the Government. The terms of the agreement were discussed in the plea agreement and the plea colloquy. To argue now that he believed he could appeal the sentence is not supported by the record. As a final note, Heider has presented the court with a letter from his counsel, written to him after he was sentenced, with the following language: "I believe that you should have the right to appeal the sentence Judge Brown imposed because we disagree with his application of the sentencing guidelines and am willing to continue to handle your appeal if you wish me to do so." However, the court notes the letter was written to Heider after the sentencing hearing. Furthermore, Heider's reliance on this letter does not dispute the evidence in the record, the plea agreement, and the plea colloquy, in which Heider agreed to waive his right to appeal. Heider has not shown his counsel was deficient, nor has he shown prejudice.

IV. Conclusion

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's motion for relief under the provision of 28 U.S.C. § 2255 (Doc. 49) be DENIED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 27th day of August, 2010, at Wichita Kansas.

   s/ Wesley E. Brown  
Wesley E. Brown  
U.S. Senior District Judge