IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                     Crim. Case No. 07-10220-01-JWB
                                                                  (Civ. Case No. 18-1136-JWB)

JEFFREY R. HEIDER,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's "Motion for Reconsideration of Acceptance of Responsibility." (Doc. 52.) For the reasons stated herein, the court finds it does not have jurisdiction to grant the relief requested and accordingly DISMISSES the motion.

In 2008, Defendant pled guilty to one count of unlawful possession of a firearm by a convicted felon (18 U.S.C. § 922(g)) and one count of witness tampering (18 U.S.C. § 1512(b)(1)). (Docs. 23, 27, 28.) His plea agreement with the Government included a waiver of the right to appeal or collaterally attack his sentence. (Doc. 28 at 6-7.) Defendant filed several objections to the Presentence Report, including one challenging the absence of a 3-level reduction for acceptance of responsibility under the Sentencing Guidelines. (*See* Doc. 30 at 3-4.) Judge Wesley Brown overruled the objection and ultimately sentenced Defendant to a controlling term of 180 months in custody, to be followed by three years of supervised release. (Doc. 33.) Defendant filed a direct appeal, which was dismissed by the Tenth Circuit based on the waiver of appeal in the plea agreement. (Doc. 46.) On April 5, 2010, Defendant filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. (Doc. 49.) Judge Brown denied the motion on August 27, 2010. (Doc. 51.)

Defendant has now filed a "Motion for Reconsideration" which essentially asks the court to grant the 3-level reduction for acceptance of responsibility that was denied by the sentencing judge. (Doc. 52 at 5.) The court construes this request as a motion for modification of sentence under 18 U.S.C. § 3582(c).[1] "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 provides three circumstances in which a court may modify a term of imprisonment after it is imposed: (1) in certain circumstances upon a motion of the Director of the Bureau of Prisons; (2) to the extent expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) when the U.S. Sentencing Commission has subsequently lowered the applicable guideline range. *United States v. Wright*, 2018 WL 1899228, *1 (Apr. 20, 2018) (citing *United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996)). Defendant does not claim or allege any facts to show that any of these circumstances apply. As a result, the court is without jurisdiction to consider his request. *See id*.

**IT IS THEREFORE ORDERED** this 25th day of May, 2018, that Defendant's "Motion For Reconsideration" (Doc. 52) is DISMISSED for lack of jurisdiction.

       ___s/ John W. Broomes_____
       JOHN W. BROOMES
       UNITED STATES DISTRICT JUDGE

---

[1] The motion does not allege any jurisdiction, constitutional, or legal error in the imposition of the sentence; it simply asks for reconsideration. *See* 28 U.S.C. § 2255 (setting forth grounds for relief under that section). The court notes that if the motion were construed as one under § 2255, this court would be without jurisdiction to consider it, as Defendant has previously filed a § 2255 motion. *See In Re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 ... claim until [the United States Court of Appeals for the Tenth Circuit] has granted the required authorization.")